UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIJA ADAMS,<br><br>  Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>  Defendant. | Case No. 1:20-cv-05107 |

## COMPLAINT

**NOW COMES** Plaintiff, MARIJA ADAMS, through undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MARIJA ADAMS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 3618 East 107th Street, Floor 1, Chicago, Illinois 60617.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Kansas.

1

7. Defendant maintains a principal place of business at 350 Camino De La Reina, Suite 100, San Diego, California 92108.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a credit card with Capital One Bank (USA), N.A.

11. Upon approval, Capital One Bank (USA), N.A. mailed Plaintiff a credit card bearing an account number ending in 3119.

12. Plaintiff activated this card and began using her card for personal and household expenses.

13. Over time, Plaintiff made $1,910.14 in charges to this card.

14. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $1,910.14 balance was charged-off on July 18, 2019 and referred for collection.

15. Plaintiff's $1,910.14 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Defendant mailed Plaintiff a letter, dated November 21, 2019 (the "Letter"), which stated:



11/21/2019

Dear Marija,

This month we are going to save you money—10% to be exact! This slashes your current debt of $1,910.14 to $1,719.13! All you need to do is visit MidlandCredit.com or call 877-653-5260! Click or call today to take advantage of this great offer!

Never miss a payment again. Sign up for AutoPay at MidlandCredit.com

| NO Interest! | NO More Calls! | NO More Letters! |
|---|---|---|
| Your balance won't increase because MCM doesn't charge interest. | Once resolved, we will STOP calling you on this account. | Once paid off, the letters will STOP. |

**Hurry! This offer expires 12/21/2019.**

Visit **MidlandCredit.com** or call **877-653-5260** to put your current debt of $1,910.14 behind you.

Sincerely,

*Tim Bolin*

Division Manager

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Letter *did not* say "[w]e are not obligated to renew any offers provided."

19. Without this phrase, the Letter's time-sensitive deadline only amplified and emphasized Defendant's message that Defendant's 10% offer is truly time bound.

20. The Letter created false sense of urgency and sought to pressure Plaintiff into accepting Defendant's offer – fearing she would have no further chance to settle her debt for less than the full amount.

21. On information and belief, however, Defendant's offer was perpetual; and was likely to be "re-extended" to Plaintiff in the future.

22. Moreover, on information and belief, Defendant's offer was extended to thousands of consumers nationwide, and was by no means an "exclusive offer" to Plaintiff.

23. The Letter impelled Plaintiff to accept Defendant's offer by indicating that "[Plaintiff's] balance won't increase because MCM doesn't charge interest."

24. Defendant was not legally allowed to charge interest on Plaintiff's account.

3

25. Defendant's statement that "[y]our balance won't increase because MCM doesn't charge interest" implies that Plaintiff should accept Defendant's offer because another creditor or debt collector will charge interest.

## **DAMAGES**

26. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

27. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

28. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

29. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

30. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a

misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

31. The Letter deceived Plaintiff into believing, *inter alia*, that Defendant's offer was limited to Plaintiff and was only open through December 21, 2019.

32. The Letter further deceived Plaintiff into believing that that once December 21, 2019 passed, she would lose the ability to satisfy her account for less than the amount owed

33. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

35. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant violated 15 U.S.C. §§ 1692e and e(10) by using language that implied that Plaintiff only had a limited time to take advantage of a settlement offer, when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

37. Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, she may lose the opportunity to do so forever.

38. Plaintiff believed that if she did not pay by the deadline, then she'd have no future chance to settle her debt for less than the amount owed.

39. In reality, Defendant's 10% offer is (1) perpetual; and (2) extended to thousands of consumers nationwide, and was by not means an "exclusive offer" to Plaintiff.

40. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e and e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 31, 2020　　　　　　　　　　　Respectfully submitted,

**MARIJA ADAMS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com